UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARIO JUAN-TOMAS,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Center, et al.,

Respondents.

Case No.:  26cv2112-LL-DDL

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

[ECF No. 1]

Before the Court is Petitioner Mario Juan-Tomass' Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1 ("Pet.")], alleging that he is a member of the Bond Eligible Class of *Maldonado Bautista v. Noem*, No. 25cv1873-SSS-BFM (C.D. Cal.), who is deemed to be detained under 8 U.S.C. § 1226(a) and eligible for a bond hearing. Pet. ¶¶ 3, 29–31. He also claims his detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 32–39. Petitioner seeks a writ of habeas corpus directing Respondents to release him or, alternatively, to provide him with a bond hearing under 8 U.S.C. § 1226(a). *Id.* at 8.

Respondents filed a Response in which they acknowledge that Petitioner appears to be a member of the Bond Eligible Class. ECF No. 4 at 1. They do not oppose an order directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a). *Id.* at 1–2.

The Court finds Petitioner is wrongfully detained under 8 U.S.C. § 1225(b). As a noncitizen who, at the time of his detention, had been present in the United States for more than fourteen years, Petitioner was and is subject to 8 U.S.C. § 1226(a), which states that a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Pet. ¶ 22; 8 U.S.C. § 1226(a). By contrast, 8 U.S.C § 1225(b) applies to noncitizens arriving at the border or who very recently entered the United States. *See Beltran v. Noem*, No. 25cv2650-LL-DEB, 2025 WL 3078837, at *4–7 (S.D. Cal. Nov. 4, 2025). As the Supreme Court explained, the government may "detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)," while § 1226(a) allows the government to "detain certain aliens *already in the county* pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis added). The Court adopts its reasoning stated in *Beltran v. Noem* on this issue. *Id.* at *4–7.[1]

Accordingly, the Court **ORDERS** as follows:

1.      Petitioner's Petition for Writ of Habeas Corpus is **GRANTED**.[2]

2.      Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **seven (7) days** of the date of this order.

        a.      At any such hearing, the immigration judge **SHALL NOT** deny Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

        b.      The immigration judge **SHALL** consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond

---

[1] Having resolved the Petition on these grounds, the Court declines to reach Petitioner's other grounds for relief.

[2] In the Petition's prayer for relief [Pet. at 8], Petitioner requests attorney's fees under the Equal Access to Justice Act, which the Court **DENIES without prejudice**.

is appropriate. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

  c. Respondents **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel. *See Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024) (citing *Singh*, 638 F.3d at 1200).

 3. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

 **IT IS SO ORDERED**.

Dated:  April 27, 2026

_____

Honorable Linda Lopez
United States District Judge

26cv2112-LL-DDL